Matthias, J.
Does the fact that the inventory of one of a corporate taxpayer’s retail outlets is destroyed by fire prior to tax listing day, so that there is no physical tangible property in existence in the tax district of such outlet on tax listing day, relieve the taxpayer from including in its tangible personal property tax return the average inventory which was in existence in that district during a part of the year?
Section 5709.01, Revised Code, provides in part that “all personal property located and used in business in this state *61 * * * are subject to taxation, regardless of the residence of the owners thereof.”
Thus, it must be noted at the outset that the criterion which is set up for the taxation of tangible personal property is its use in business in this state.
For the purpose of the collection of this tax, provision is made for the listing and assessment of such property in the taxing district in which such property is used. (Section 5711.07, Revised Code.) However, this provision does not change the nature of the tax itself. The tax is upon property used in business in this state.
Appellee is a corporation operating its business in several taxing districts. There is no question that appellee maintained an inventory for some 10 months in the Mad River district. Does the fact that such inventory was destroyed by fire prior to tax listing day relieve appellee from including such inventory in its return?
Section 5711.15, Revised Code, recognizes that a merchant may not have an inventory in existence for a full year period and makes provision for the valuation of such short year inventories. The pertinent part of such section reads as follows:
“A merchant in estimating the value of the personal property held for sale in the course of his business shall take as the criterion the average value of such property, as provided in this section of the Revised Code, which he has had in his possession or under his control during the year ending on the day such property is listed for taxation, or the part of such year during which he was engaged in business. Such average shall be ascertained by taking the amount in value on hand, as nearly as possible, in each month of such year, in which he has been engaged in business,' adding together such amounts, and dividing the aggregate amount by the number of months that he has been in business during such year.” (Emphasis added.)
We had before us in Buckeye Furnace Pipe Co. v. Peck, Tax Commr., 159 Ohio St., 535, 112 N. E. (2d), 649, a somewhat similar situation. In the opinion in that case, it is said:
“This section provides for valuation of inventory on an average basis because of the obvious inequity which would result from valuation as of any particular tax listing day during *62 the year. The section makes no reference to taxing districts, but rather to the portion of the year in which the taxpayer was engaged in business. It does not refer to any portion of the year in which he held inventory or was engaged in business in any particular taxing district.”
The language of Section 5711.15, Revised Code, is clear that, where a merchant has an inventory in existence in a taxing district for some part of a year, such inventory must be included in the valuation of tangible personal property for tax purposes. There is no requirement in such section that the inventory be in existence on tax listing day.
The appellee is misconstruing the meaning of Section 5711.15, Revised Code. It is relating the phrase, “ending on the day such property is listed for taxation,” to the impact of the tax. Such phrase is not determinative of taxability. It requires only a cursory examination of such section to determine that the purpose of such section is to levy a tax on the “property # * * in his possession or under his control during the year * * * or the part of such year during which he was engaged in business.” As we have noted, such section does not require the property to be in existence on any specific day, it requires only that such property shall have been used in business during the tax year.
Thus, where a corporation operates several retail merchandise outlets in different taxing districts, it is doing business in the state, which is the criterion upon which the tangible personal property tax is based. The fact that the inventory of one of such outlets is destroyed by fire prior to tax listing day does not relieve the corporation from including in its tax return the average inventory for the district in which such outlet is located.
The decision of the Board of Tax Appeals determining that such inventory was not includable in appellee’s personal property tax return for 1958 is unreasonable and unlawful and is, therefore, reversed and the order of the Tax Commissioner affirmed.

Decision reversed.

Weygandt, C. J., Zimmerman, Taft, Bell, Herbert and O’Neill, JJ., concur.